# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INN WORLDWIDE, INC.**<br>**Plaintiff,**<br><br>**v.**<br><br>**TAJJ ASSOCIATES, LLC; JAYESH V.**<br>**PATEL; ANITA J. PATEL; JIGNESH**<br>**BHAKTA; TRUPTESH BHAKTA,**<br>**Defendants.** | Civ. No. 2:14-7170 (KM)(MAH)<br><br>**OPINION** |

Days Inn Worldwide, Inc., entered into a franchise agreement with defendant Tajj Associates, LLC. Tajj allegedly failed to pay certain fees. Days Inn therefore brought this action for breach of contract. It also brought suit against the four owners of Tajj, each of whom, according to Days Inn, guaranteed Tajj's obligations under the franchise agreement. Because three of the defendants have not appeared in this action, Days Inn now moves for a default judgment against them. That motion is granted.

## Background

Tajj Associates, LLC, entered into a franchise agreement with Days Inn Worldwide, Inc. Under the terms of the Agreement, Tajj was to operate a Days Inn franchise. (Agreement, ¶ 1) In exchange, Tajj agreed to pay various recurring fees, including royalties, system assessment fees, basic service charges, and others. (Agreement, 1) Each of the four owners of Tajj Associates, defendants Jayesh Patel, Anita Patel, Jignesh Bhakta, and Truptesh Bhakta, personally guaranteed Tajj's obligations under the Agreement. (Agreement, 35)

Days Inn alleges that Tajj failed to pay various fees required by the Agreement. (Fenimore Affidavit, ¶¶ 14-17) When Tajj failed to remedy the delinquency, Days Inn exercised its right under section 11.2 of the Agreement

to terminate the contract. In April of 2012, Days Inn notified the defendants that it was terminating the Agreement on (Dkt. No. 9-5, Exh. F)

Days Inn brought suit in this Court. Days Inn alleges that the defendants owe the following:

- $ 284,667.61 in unpaid recurring fees and interest (Dkt. No. 9-5, Exh. G)
- $ 4,528.67 in attorneys' fees and costs (Couch Cert, ¶¶ 12,14)

Days Inn settled its claims against two defendants: Jingseh Bhakta and Truptesh Bhakta. (Dkt. No. 8) The three remaining defendants, Tajj Associates, Jayesh Patel, and Anita Patel, have not entered an appearance or otherwise defended the case before this Court. Days Inn therefore requested an entry of default, which the Clerk's Office entered on March 17, 2015. Now before the Court is Days Inn's motion for a default judgment (Dkt. No. 9).

## Discussion

When a litigant moves for a default judgment, a court must determine whether the factual allegations, if true, make out a claim for relief. *DirecTV, Inc. v. Asher,* 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63). In so doing, the Court must take the factual allegations of the plaintiff's complaint as true. *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). However, the Court need not accept as true the plaintiff's allegations with respect to damages. *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 536 (D.N.J. 2008)). Those allegations are subject to the Court's scrutiny. In addition, for a default judgment to enter, the plaintiff must have properly served the Complaint. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, I find that service is proper, that Days Inn's factual allegations establish a claim for breach of contract, that Days Inn has supported its claim for damages with evidence, and that Days Inn's request for attorneys' fees and

costs is reasonable and consistent with the franchise agreement. Accordingly, a default judgment in the amount requested is appropriate.

*Service*

Federal law provides that a plaintiff may serve a defendant by following the rules for serving a summons in the state court where the district court is located. FED. R. CIV. P. 4(e)(1). New Jersey law, in turn, provides that if a plaintiff is unable to personally serve a defendant "despite diligent effort and inquiry," then the plaintiff may accomplish service through certified mail and regular mail. New Jersey Rules of Court § 4:4-4(b)(1)(C).

Here, Days Inn has filed three affidavits explaining that despite diligent efforts and inquiry, it was unable to accomplish personal service on defendants Tajj Associates, LLC, Jayesh Patel, and Anita Patel. (Dkt. No. 9-2, Exhs. A-C) Days Inn therefore served those three defendants via regular and certified mail. (Couch Cert.,[1] ¶ 8) Service therefore appears proper.

*Breach of Contract and Damages*

I next consider whether the facts that Days Inn alleges make out a claim for breach of contract. Under New Jersey law,[2] a breach of contract claim has three elements: a valid contract, a breach of that contract by the defendant,

---

[1]     Citations to the record will be abbreviated as follows:

"Account Statement" – Itemized Statement dated April 2, 2015, Dkt. No. 9-5, Exh. G.

"Agreement" – Days Inn Worldwide, Inc. License Agreement, Dkt. No. 9-4, Exh. A.

"Couch Cert." - Certification of Brian P Couch in Support of Motion for Final Judgment by Default, Dkt. No. 9-2.

"Fenimore Affidavit" – Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default as to Tajj Associates, LLC, Jayesh Patel, and Anita Patel Only.

[2]     Although the franchise at issue here was located in Georgia (*see* Agreement, 1), the Agreement has a choice of law provision that provides that the Agreement will be governed by New Jersey Law.

and damage to the plaintiff. *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007).

Days Inn alleges that it has a contract with Tajj which Anita Patel and Jayesh Patel guaranteed. Defendants allegedly breached that contract by failing to make the payments the contract required. And Days Inn has alleged that it suffered damages in the form of the recurring fees due but unpaid. Days Inn has therefore stated a valid claim for breach of contract.

The Agreement provides that Tajj must pay to Days Inn various "recurring fees," including royalty fees (Agreement, § 7.1.1); a "Basic service charge" (Agreement, § 7.1.2); a marketing fee (Agreement, Schedule C, ¶ B); and booking fees (Agreement, Schedule C, ¶ C). Days Inn has provided a breakdown of the unpaid fees. (Account Statement) (*see, e.g.*, entries for August 2008 (listing royalty fees, marketing fees, and booking fees); entries for September 2008 (same)). Because these fees appear consistent with the Agreement, and because the defendants have not contested them, I will accept them as accurate.

Days Inn also seeks recovery of interest. The Agreement provides that Days Inn may charge interest at a rate of 1.5% per month on any charges invoiced to Tajj. (Agreement, § 7.3) In its filings, Days Inn has provided a breakdown of the original recurring fees for which it invoiced the defendants, plus the "finance charges" (I take this to refer to interest) that it has charged on those fees. (Account Statement) I have performed an approximate recalculation of the interest Days Inn has calculated for the period September 30, 2009 through September 2012. It appears that, under the terms of the Agreement, Days Inn may have been entitled to recover interest of up to $167,395.00 on the $148,260.12 in recurring fees it charged to Tajj. (*See* chart attached to this opinion as addendum.) Days Inn has calculated a lesser amount: $110,804.75. I will therefore permit recovery of that amount.[3]

---

[3]      My figure is calculated on delinquencies beginning as of September 30, 2009. *See* chart attached to Opinion as Addendum.

In addition to the fees listed above, Days Inn charged interest on recurring fees billed during the period June 2008 through August 2009. (Account Statement, 1-3) For this period, the records that Days Inn provided to the Court reflect $0 billed as recurring fees, but lists some $24,352.04 in Finance Charges (which, again, I take to represent interest).[4] This is somewhat curious. However, even if all of these fees were erroneous, they are offset entirely by the $56,590 in interest that Days Inn could have charged, but hasn't, for the period September 2009 through September 2012. (*See* chart above) Therefore, I do not find this apparent anomaly to be problematic.

A default judgment is therefore appropriate for recurring fees and interest of some $284,667.61. (Account Statement, 12)

*Attorneys' fees and costs*

The Agreement provides that if either party pursues any of the remedies provided for in the Agreement, the non-prevailing party will pay the prevailing party's reasonable attorneys' fees and costs. (Agreement, ¶ 17.4) Here, Plaintiffs have requested $4,000 in legal fees and $528 in costs.

Plaintiff's counsel has presented billing records of its legal fees pertaining to this matter. I note that counsel's billing records contain a line entry, but no description, for a charge of $1,382.68 (more than a quarter of the total amount that counsel is requesting) on December 31, 2014. Despite this ambiguity, I find the total amount counsel requests, $4,000 representing 8.6 hours of work,

---

Days Inn's interest calculation includes $24,352.04 in interest on recurring fees billed during the an earlier period: June 2008 through August 2009. (Account Statement, 1-3) For that period, however, the billings reflect $0 in recurring fees. I am unable to account for this seeming discrepancy, unless perhaps it represents a reduction for the settlement with codefendants. Nevertheless, because defendants are jointly and severally liable, and because the total interest sought by Days Inn is lower than the amount I calculate to have been owed, I will permit it.

[4]   *See* Account Stmt., 1-3, (86.68 + 2,318.91 + 2,700.01 + 3,652.55 + 2,516.43 + 53.72 + 65.58 + 2,340.32 + 454.72 + 2,320.33 + 2,838.66 + 2,527.66+ 2,476.47 + 2,4352.04 = 24,352.04)

to be reasonable. Counsel have not sought reimbursement for some $3,464.10 in legal fees incurred in connection with settling the plaintiff's claims against defendants Jignseh Bhakta and Truptesh Bhakta. The $528.67 in costs that counsel seeks are customary and reasonable. I will therefore award counsel $4,528.67 in legal fees and costs.

## **Conclusion**

A default judgment for a total of $289,196.28 will be entered. A separate order will issue.

Dated August 4, 2015
Newark, New Jersey

KEVIN MCNULTY
United States District Judge

**ADDENDUM:**

**Interest Recalculation**

| Recurring fee assessment date | Interest Calc Date | No. of months | Recurring Fees Billed | Interest Charged | Recalculation* | Difference (Actual vs Recalc) |
|---|---|---|---|---|---|---|
| 9/30/2009 | 4/2/2015 | 67 | 491 | 3,520 | 841 | 2,679 |
| 10/31/2009 | 4/2/2015 | 66 | 3,551 | 3,401 | 5,935 | (2,534) |
| 11/30/2009 | 4/2/2015 | 65 | 2,713 | 2,547 | 4,427 | (1,880) |
| 1/31/2010 | 4/2/2015 | 63 | 2,337 | 2,128 | 3,634 | (1,506) |
| 3/31/2010 | 4/2/2015 | 61 | 1,978 | 1,741 | 2,928 | (1,187) |
| 4/30/2010 | 4/2/2015 | 60 | 5,945 | 5,170 | 8,581 | (3,410) |
| 5/31/2010 | 4/2/2015 | 59 | 5,625 | 4,807 | 7,914 | (3,107) |
| 6/30/2010 | 4/2/2015 | 58 | 6,439 | 5,377 | 8,831 | (3,454) |
| 7/31/2010 | 4/2/2015 | 57 | 9,040 | 7,518 | 12,082 | (4,564) |
| 8/31/2010 | 4/2/2015 | 56 | 7,159 | 5,955 | 9,320 | (3,365) |
| 9/30/2010 | 4/2/2015 | 55 | 6,795 | 5,385 | 8,615 | (3,230) |
| 10/31/2010 | 4/2/2015 | 54 | 5,482 | 4,245 | 6,767 | (2,522) |
| 11/30/2010 | 4/2/2015 | 53 | 7,414 | 5,668 | 8,907 | (3,239) |
| 12/31/2010 | 4/2/2015 | 52 | 5,192 | 3,885 | 6,069 | (2,184) |
| 1/31/2011 | 4/2/2015 | 51 | 5,205 | 3,878 | 5,917 | (2,040) |
| 2/28/2011 | 4/2/2015 | 50 | 5,466 | 3,972 | 6,041 | (2,069) |
| 3/31/2011 | 4/2/2015 | 49 | 5,754 | 4,093 | 6,181 | (2,088) |
| 4/30/2011 | 4/2/2015 | 48 | 5,178 | 3,667 | 5,403 | (1,736) |
| 5/31/2011 | 4/2/2015 | 47 | 4,004 | 2,742 | 4,058 | (1,315) |
| 6/30/2011 | 4/2/2015 | 46 | 4,718 | 3,124 | 4,640 | (1,516) |
| 7/31/2011 | 4/2/2015 | 45 | 4,931 | 3,185 | 4,706 | (1,520) |
| 8/31/2011 | 4/2/2015 | 44 | 6,915 | 4,398 | 6,399 | (2,001) |
| 9/30/2011 | 4/2/2015 | 43 | 6,824 | 4,115 | 6,120 | (2,006) |
| 10/31/2011 | 4/2/2015 | 42 | 5,351 | 3,227 | 4,649 | (1,422) |
| 11/30/2011 | 4/2/2015 | 41 | 4,540 | 2,686 | 3,819 | (1,134) |
| 12/31/2011 | 4/2/2015 | 40 | 3,623 | 2,070 | 2,949 | (879) |
| 1/31/2012 | 4/2/2015 | 39 | 3,737 | 2,071 | 2,942 | (871) |
| 2/29/2012 | 4/2/2015 | 38 | 4,302 | 2,322 | 3,273 | (951) |
| 3/31/2012 | 4/2/2015 | 37 | 3,987 | 2,090 | 2,929 | (840) |
| 4/30/2012 | 4/2/2015 | 36 | 3,220 | 1,647 | 2,283 | (637) |
| 5/31/2012 | 4/2/2015 | 35 | 336 | 168 | 230 | (62) |
| 6/30/2012 | 4/2/2015 | 34 | 8 | 4 | 6 | (2) |
| 9/30/2012 | 4/2/2015 | 31 | 3 | 1 | 1 | (0) |
| | | | $ 148,260 | $ 110,805 | $  167,395 | $  (56,590) |

* The recalculation uses the formula $P \times (1+i)^t - P$

where

P = the Recurring Fee Billed

$i$ = the interest rate per period, here 1.5% per month

t = the number of periods, here the number of months between the Fee Assessment Date and the Interest Calc Date.

7